**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**WAYNE GERSTER, and**
**GERSTER FARMS, INC.,**

                                                            **Plaintiffs,**

     -against-                                                  3:05-CV-0203 TJM/DEP

**DEMING LINDSLEY, and**
**THE NEW YORK STATE DEPARTMENT**
**OF ENVIRONMENTAL CONSERVATION,**

                                                         **Defendants.**[1]

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

      Plaintiffs Wayne Gerster and Gerster Farms, Inc. ("Plaintiffs") commenced the instant action pursuant to 42 U.S.C. § 1983 alleging deprivations of federally protected rights by various state and municipal defendants. See generally Compl. [dkt. #1]. Defendants New York State Department of Environmental Conservation ("DEC") and DEC Environmental Conservation Officer Lt. Deming Lindsley (collectively "Defendants") move for: 1) dismissal of the action pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure; 2) sanctions pursuant to 42 U.S.C. § 1927; 3) attorney's fees pursuant to 42 U.S.C. § 1988; and 4) an order, pursuant to 28 U.S.C. § 1651, barring Plaintiffs from filing future claims based on the facts underlying the Complaint without prior Court

---

[1] As indicated in the text, *infra*, only the defendants named in the caption remain in this case. Other defendants originally named in this suit included various municipal entities, including the Town of Davenport (the "Town"), Delaware County (the "County"), and current and former Town officials. By stipulations of dismissal/discontinuance dated April 25 and 22, 2005, Plaintiffs voluntarily dismissed/withdrew, with prejudice, their claims against all the municipal defendants.

1

approval. Plaintiffs: 1) oppose the motion; 2) filed a cross-motion for expedited discovery; and 3) filed an Amended Complaint. For the reasons that follow, the Defendants' motion is GRANTED IN PART AND DENIED IN PART. Plaintiffs' cross-motion for expedited discovery is DENIED.

## II. BACKGROUND

Plaintiffs brought this action alleging, among other things, that Defendants violated Plaintiffs' civil rights in the course of the DEC's administration and enforcement of State solid waste laws and regulations. Plaintiffs' claims are based on alleged regulatory and enforcement actions directed at Plaintiffs' handling, storage, recycling and/or disposal of wood and other types of solid waste at Plaintiffs' "farm" located in Delaware County, New York. This has been a long standing dispute between Plaintiffs and Defendants and has been the subject of prior litigation in this Court, see Gerster v. County of Delaware, 3:01-CV-1003 (N.D.N.Y.)("Gerster I"), and in the courts and administrative agencies in the State of New York. See Compl. ¶¶ 9-88. In the Complaint, Plaintiffs seek $5,000,000 in compensatory damages, $50,000,000 in punitive damages, and attorney's fees. See Compl. p. 18.

Defendants argue in their motion to dismiss that the claims against them are: 1) barred by the doctrine of res judicata; 2) untimely under the three year statute of limitations applicable to 42 U.S.C. § 1983 claims; 3) barred by the Eleventh Amendment; and 4) otherwise fail to state a claim upon which relief can be granted. See Defs. Mem. L. p. 9-10.[2] In opposition to the motion,

---

[2] In this regard, Defendants asserted:

On March 22, 2002, [this Court] rendered a bench decision dismissing Gerster I on statute of limitations and 11th Amendment grounds. . . . Plaintiffs' claims against the State defendants are barred by the doctrine of res judicata, are untimely under the three year statute of limitations applicable to 42 U.S.C. §1983 claims, and otherwise fail to state a claim upon which relief can be granted. . . .

[G]iven this Court's prior decision and order dismissing plaintiffs' complaint in Gerster I, plaintiffs' refiling of a complaint virtually identical in fact and law to the one previously dismissed constitutes

(continued...)

Plaintiffs filed an Amended Complaint seeking, *inter alia*, injunctive and declaratory relief against the DEC, and alleging that their damages claim is only against Defendant Lindsley in his individual capacity. See Am. Compl. [dkt. # 21]. In addition, the Amended Complaint asserts facts that occurred after Plaintiffs filed their Complaint. Id. ¶¶ 112-124. Plaintiffs have also included constitutional challenges to several provisions of the New York State Environmental Law, and solid waste and wetlands regulations. Id.; see Jacobs Aff. §§ 2, 4-5.[3] The cross-motion for discovery merely seeks expedited discovery "to prevent delay in the preparation of the case for trial." Jacobs Aff. § 6.

In reply, Defendants contend, *inter alia,* that: 1) the Eleventh Amendment bars Plaintiffs'

---

[2](...continued)
frivolous and vexatious litigation. Under these circumstances, plaintiffs' counsel should be sanctioned pursuant to 42 U.S.C. §1927, plaintiffs should be made to pay the State defendants's attorney fees pursuant to 42 U.S.C. §1988, and plaintiffs should be prohibited from filing any claims in the future based on the same underlying facts, without prior Court permission pursuant to 28 U.S.C. §1651.

Defs. Mem. L. p. 9-10.

[3] Plaintiffs' counsel alleges in his affidavit:

2. Although the title of the action has not been changed, all named defendants except for Deming Lindsley and the New York State Department of Environmental Conservation have been dropped from the case, and only those two, the moving defendants, remain.

\* \* \*

4. Plaintiffs have amended their complaint as of right pursuant to Rule 15 (a) as no defendant has answered the complaint. A copy of the amended complaint is filed herewith. The amendments consist of adding specific allegations concerning the termination of a prior action, the addition of a second cause of action making the pleading more clear in that only injunctive relief is sought against the defendant Department of Environmental Conservation and the defendant Deming Lindsley in his official capacity, and that money damages are sought against the defendant Deming Lindsley only in his individual capacity.

5. The amendments also consist of additional allegations of violation of the plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments which are set forth at ¶¶ 113 to 122 of the amended complaint to exemplify the course of conduct alleged in the remainder of the complaint and to show that such course of conduct has not ceased.

Jacobs Aff.

3

claims for injunctive relief against the State; 2) qualified immunity shields Defendant Lindsley from Plaintiffs' individual capacity claims; 3) all claims against Lindsley are barred by the statute of limitations; 4) various abstention doctrines require dismissal of Plaintiffs' constitutional challenges; 5) Plaintiffs' constitutional challenge to ECL § 3-0301(2)(g) is a supplemental claim requiring leave of the Court to assert but, because Plaintiffs failed to obtain such leave, the claim should not be considered; 6) Plaintiffs' Amended Complaint contains frivolous claims and, therefore, supports Defendants' motion for sanctions and an injunction barring Plaintiffs from filing further litigation without prior court approval; and 7) Plaintiffs' cross-motion for expedited discovery should be denied.

## III.  DISCUSSION

### A.  Eleventh Amendment

The Court will first address the Eleventh Amendment arguments.

#### 1. Claims for Monetary Relief Against the State

Defendants correctly argue that a claim for monetary relief against the State of New York, a state official acting in an official capacity, or one of its agencies, is barred by the Eleventh Amendment. See Aiken v. Nixon, 236 F. Supp.2d 211, 226-28 (N.D.N.Y. 2002), aff'd 80 Fed. Appx. 146, 2003 WL 22595837 (2d Cir. Nov. 10, 2003). Inasmuch as New York has not waived its immunity from a Section 1983 damages award, that much of the case seeking monetary damages against the State, Defendant Lindsley in his official capacity, or the DEC is barred by the Eleventh Amendment. See id. (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984); Jones v. New York State Div. Of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999); Kostok v. Thomas, 105 F.3d 65, 68 (2d Cir. 1997); Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 39 (2d Cir. 1977); Baird v. New York State Exec. Department, 1998 WL

690951 * 2 (N.D.N.Y. September 28, 1998)). Therefore, and the in event that the Complaint is not deemed amended and superseded (discussed *infra*), any such claims are dismissed.

### 2. Amendment to Complaint

In response to the Defendants' motion to dismiss, Plaintiffs filed and served an Amended Complaint. Plaintiffs contend that the Amended Complaint was filed "as of right" because Defendants had not answered by the time the Amended Complaint was filed. See Jacobs Aff. ¶ 4. As indicated above, Defendants argue that the Plaintiffs' constitutional challenge to ECL § 3-0301(2)(g) in the Amended Complaint is a supplemental claim requiring a motion and leave of the Court, but that Plaintiffs failed to move to obtain such leave. Therefore, Defendants contend, the Amended Complaint should not be considered.

While it is true that a motion to dismiss is not a responsive pleading cutting off a party's right to file an amended pleading *pursuant to Fed. R. Civ. P. 15(a)*, see Fed. R. Civ. P. 15(a)("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."); Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 56 (2d Cir. 1996)(A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)); Elfenbein v. Gulf & Western Industries, Inc., 590 F.2d 445, 448 n.1 (2d Cir. 1978)("the law in this circuit is that a motion to dismiss is not a responsive pleading, and therefore the complaint may be amended without leave of the court."), Fed. R. Civ. P. 15(d) requires a party to obtain permission of the Court, by motion, to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The Amended Complaint must be considered a supplemental pleading because it alleges claims based on events that occurred after Plaintiff filed the original complaint. See Am. Compl. ¶¶

112-124; Kwong Decl. Ex. A [Dkt. # 24-4];[4] Flaherty v. Lang, 199 F.3d 607, 614 n.3 (2d Cir. 1999); Fed. R. Civ. P. 15(d). Thus, the question of amendment to add the supplemental claims is governed by Fed. R. Civ. P. 15(d), not Fed. R. Civ. P. 15(a).

District courts have discretion to grant leave under Rule 15(d), and do so freely absent bad faith or prejudice to a party. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995). Further, when the allegations in an amended complaint are related to the facts of the original complaint, the justification for granting leave is more compelling. Id. Here, the supplemental allegations *arguably* relate to the prior conduct. Because Plaintiffs filed the Amended Complaint with their opposition papers, Defendants had notice and an opportunity to be heard in their reply papers on the question of amendment. Therefore, the Court will deem Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss as its application for leave to amend under Rule 15(d) and Defendants' Reply Memorandum of Law as its opposition to the application to amend.

Further, and based upon the considerations set forth above and in recognition of the public policy in favor of deciding cases on their merits and not on procedural default, the Court will grant leave to amend *nunc pro tunc* to the date of amendment and deem the Complaint amended. The Court further deems the Complaint superseded in all respects by the Amended Complaint. The Court dismisses any claims contained in the Amended Complaint seeking monetary damages from State of New York, the DEC, or Defendant Lindsley in his official capacity.

### 3. Claims for Equitable Relief Against the State

The Court next addresses Defendants' Eleventh Amendment challenge to the claims in the Amended Complaint seeking equitable relief. Again, the Defendants are correct that the Eleventh

---

[4] The Order of the Hon. William E. McCarthy, Justice of the New York State Supreme Court, that is referenced in the Amended Complaint at ¶¶ 116-122, is dated and entered April 21, 2005.

Amendment serves as a jurisdictional bar to suits against a state agency regardless of the nature of the relief sought, including suits in equity. Pennhurst, 465 U.S. at 100; Green v. Mansour, 474 U.S. 64, 72-73 (1985); Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities, 64 F.3d 810 (2d Cir. 1995).  However, a narrow exception to this principle allows a federal court to issue an injunction against a state official in his or her official capacity who is acting contrary to federal law. Ex Parte Young, 209 U.S. 123 (1908); see Pennhurst State School and Hosp. V. Halderman, 465 U.S. 89, 102 (1984); New York Health and Hospitals Corporation et al. v. Perales, 50 F.3d 129 (2d Cir. 1995). This exception is a limited one, utilized only "when there is a specific conflict between the federal mandate and the state plan or practice that a federal right is implicated," Pfrommer, 148 F.3d at 80-81, and is authorized to "vindicate the supremacy of [federal] law." Ward v. Thomas, 207 F.3d 114, 119 (2d Cir. 2000).

The Supreme Court has held that "[i]n determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Maryland Inc. v. Public Serv. Comm. Of Maryland, 122 S.Ct. 1753, 1760 (2002)(quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997))(O'Connor, J., joined by Scalia and Thomas, JJ., concurring in part and concurring in judgment).  The inquiry "does not include an analysis of the merits of the claim." Id. at 1761.

Here, inasmuch as Plaintiffs allege that prospective application of certain solid waste laws and regulations in New York would violate their constitutional rights (and therefore should be declared unconstitutional and enjoined from enforcement), the Amended Complaint states sufficient facts to allow the claims for injunctive and declaratory relief to go forward under the exception enunciated in Ex Parte Young. The prayer for injunctive relief is clearly prospective in nature and

7

therefore falls under the Ex Parte Young exception. Consequently, the motion to dismiss on this ground is denied.

### B. Abstention

Although the Eleventh Amendment does not bar Plaintiffs' claims for equitable relief, the Court finds that it must abstain from adjudicating the constitutionality of the challenged provisions of New York law.[5]  The Amended Complaint alleges that there is presently an appeal pending before the New York State Supreme Court, Appellate Division, Third Department, of a decision by the Hon. William McCarthy, Justice of the New York State Supreme Court, dated April 21, 2005. See Am. Compl. ¶ 122.  Justice McCarthy's April 21, 2005 Order authorized DEC officers to enter and inspect the Plaintiffs' property "for the purposes of assessing conditions at the site and to undertake necessary investigations and emergency remedial actions ...."  Kwong Decl. Ex. A [Dkt. # 24-4].  The April 21, 2005 Order is specifically based upon the authority of "N.Y. Environmental Conversation Law 3-0301(2)(g)."  Id.  This is the same law that the Plaintiffs seek to have declared unconstitutional in this case and to enjoin the DEC from enforcing. See Am. Compl. p. 36.  Further, the Plaintiffs have asserted in the Amended Complaint that they will argue in the New York state court appeal "*inter alia,* that ECL 3-0301(2)(g) is unconstitutional both on its face and as applied." Am. Compl. ¶ 122.

Abstention is clearly warranted under Younger v. Harris, 401 U.S. 37 (1971).  Younger prohibits federal courts from enjoining a pending state action or issuing a judgment that will

---

[5] As part of their Amended Complaint, plaintiffs seek to challenge the constitutionality and enjoin the enforcement of ECL § 3-0301(2)(g), which authorizes the New York State Department of Environmental Conservation to enter and inspect any property for the purpose of investigating actual or suspected sources of pollution or for the purpose of ascertaining compliance with any environmental law or regulation. Plaintiffs also attempt to challenge the validity of 6 NYCRR § 360-1.2(A)(4)(vii)(a) of the Department's solid waste regulations, as well as general wetland regulations.

interfere with a state action or administrative proceeding where those proceedings offer an adequate opportunity for judicial review of its constitutional claims. See Christ the King Regional High School v. Culvert, 815 F.2d 219 (2d Cir. 1987), cert denied, 484 U.S. 830 (1987). The Second Circuit has instructed that a federal court must refrain from hearing a federal constitutional claim when: (1) there is a pending state proceeding, (2) the state proceeding implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. Spargo v. N.Y. Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003)(citing Younger). All three elements are satisfied here. There is a pending state court proceeding; the enforcement of New York's solid waste laws and regulations implicates important state interests, and the requested relief in this case (a declaration that ECL 3-0301(2)(g) is unconstitutional and an injunction prohibiting its enforcement) would impair the State's ability to apply these laws against Plaintiffs (and others); and the state court proceeding affords Plaintiffs an adequate opportunity for judicial review of their federal constitutional claim.[6]

Further, while Plaintiffs have not yet chosen to raise all of their constitutional claims in New York state court, this does not preclude abstention under Younger. In Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), the Supreme Court observed:

> [W]hen a litigant has not attempted to present his federal claims in related State court proceedings, a federal court should assume that State procedure will afford an adequate remedy, in the absence of unambiguous authority to the contrary.
>
> * * * * *
>
> Because Texaco apparently did not give the Texas courts an opportunity to adjudicate its constitutional claim, and because Texaco cannot demonstrate that the Texas courts were not open to adjudicate its claim, there is no basis for concluding

---

[6] Indeed, on this last point, the Plaintiffs have essentially said so themselves in their Amended Complaint. See Am. Compl. ¶ 122.

9

that Texas law and procedure were so deficient that Younger abstention is inappropriate.

Pennzoil, 481 U.S. at 14-15, 17.  Therefore, the Court concludes that it must abstain under Younger from deciding all of Plaintiffs' constitutional challenges,[7] and therefore all claims seeking equitable relief are **dismissed**.

### C. Individual Claims Against Defendant Lindsley

The Court next turns to the claims brought against Defendant Lindsley in his individual capacity. Reviewing Plaintiffs' Amended Complaint, it is difficult to ascertain exactly what action Defendant Lindsley allegedly took that violated Plaintiffs' federally protected rights, or what rights were violated.  Defendants argue that since all of the alleged action by Lindsley occurred before 1998, *any* Section 1983 claim must necessarily be time-barred under the applicable three (3) year statute of limitations.

Plaintiffs oppose this aspect of the motion on the grounds that in Gerster I, the Court dismissed certain claims without prejudice because they did not appear, at that time, to be ripe for adjudication given a then-pending state court proceeding. See Gerster I, July 12, 2002 Order [dkt. # 49 in 01-CV-1003]. In this regard, Plaintiffs contend that the claims that were dismissed for lack of ripeness in Gerster I became ripe when the state court proceeding was settled in 2004. See Am. Compl. ¶¶ 108-111. Plaintiffs further argue that the claims dismissed for lack of ripeness in Gerster I included the claims that are brought in this action against Defendant Lindsley in his individual capacity, and seemingly argue that these claims did not accrue until the state court action ended.

It appears doubtful at this time that any claims brought against Lindsley in his individual

---

[7]While abstention might also be appropriate under various other abstention doctrines, the Court need not reach these issues in this case.

10

capacity were encompassed in the claims found by the Court in Gerster I not to be ripe for adjudication. See Kwong Decl. Ex D (transcript of March 22, 2002 bench decision), pp. 7-11. In Gerster I, the procedural due process and "regulatory takings" claims were clearly brought against the State (or Lindsley in his official capacity), id., and the Court fails to see what substantive due process or Fourth Amendment claim *against* Lindsley individually could not have been adjudicated in Gerster I. Thus, while the accrual of the claims against the State would seem to have been impacted by the then-pending state court proceeding, it escapes the Court how Plaintiffs contend that the claims against Lindsley did not accrue until after the state court action was settled. Nonetheless, because this matter is before the Court on a Rule 12(b)(6) motion, and because the parties have not adequately addressed the interplay between the unripe claims in Gerster I and the current claims against Defendant Lindsley in his individual capacity, the Court will, in the exercise of caution, deny the motion on the statute of limitations grounds. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).[8]  The challenge in this regard can be raised again on summary judgment.

      Further, because the Court is unable to determine whether there are actionable claims against Defendant Lindsley, or the factual and legal basis upon which they exist, the Court is unable to determine at this time whether Defendant Lindsley is entitled to qualified immunity. Accordingly, the motion on this ground is denied. The same reason prevents a determination on Defendants' *res judicata* argument, and therefore the motion on that ground is also denied.  Again, these challenges can be re-asserted on summary judgment.

---

[8] In Swierkiewicz, the Supreme Court stated that "[a] court may dismiss a complaint [under Fed. R. Civ. P. 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" 534 U.S. at 511 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "[A] complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting Fed. R. Civ. P. 8(a)). "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.

11

### D. Other Relief

Those parts of Defendants' motion seeking sanctions pursuant under 42 U.S.C. § 1927, attorney's fees pursuant to 42 U.S.C. § 1988, and an order barring further similar litigation pursuant to 28 U.S.C. § 1651 must be deemed premature. Accordingly, these requests are denied with leave to renew once the Court is able to assess the factual allegations against Defendant Lindsley and determine whether there is any meritorious claim against him.

### E. Plaintiffs' Cross-Motion for Expedited Discovery

Plaintiffs' cross-motion for expedited discovery is without merit or basis and, therefore, is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. The motion is granted dismissing all claims against the State of New York, the DEC, and Defendant Lindsley in his official capacity. Defendants' motion is denied in all other respects. Defendants are granted leave to renew their motions pursuant to 42 U.S.C. §§ 1988 & 1927, and pursuant to 28 U.S.C. § 1651. Plaintiffs' cross-motion for expedited discovery is **DENIED**.

**IT IS SO ORDERED**

DATED: March 21, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge